Paul Buchanan, OSB No. 940551
Email: paul@basf.law
Aaron Kline, OSB No. 256740
Email: aaron@basf.law
BUCHANAN ANGELI SULLIVAN
& FERRER LLP
621 SW Morrison St., Suite 1250
Portland, OR 97205
Telephone: (503) 974-5015
Facsimile: (971) 230-0337

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TU HO, an individual<br><br>                    Plaintiff,<br><br>          v.<br><br>GENENTECH, INC.,<br>                    Defendant. | Case No.: 3:26-cv-00075-YY<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM** |

**I.      INTRODUCTION**

Plaintiff seeks to proceed under cover of anonymity based on speculative concerns about possible economic harm and stigma arising from an unspecified disability which he alleges caused him difficulty with time management, concentrating, and sleeping. Plaintiff has altogether failed to demonstrate that the speculative harms he purportedly fears outweigh what courts have recognized as the "paramount interest" in open courts and the prejudice to defendant that anonymity for plaintiff in this litigation would necessarily entail. For these reasons, as further discussed below, defendant respectfully requests that the Court deny plaintiff's Motion.

## II.    ARGUMENT

### 1.  Plaintiff's Speculative Concerns Do Not Outweigh the Paramount Importance of Open Courts.

Federal Rule of Civil Procedure 10(a) provides that the title of every complaint "include the names of all the parties." Fed. R. Civ. P. 10(a). The Ninth Circuit has made clear that "[t]his rule reflects the 'paramount importance of open courts' such that the 'default presumption is that plaintiffs will use their true names.'" *Doe v. Kamehameha School/Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1046 (9th Cir. 2010). The Ninth Circuit has further instructed that "[a]s a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008) (internal quotation marks and citations omitted). A district court may grant leave to proceed under a pseudonym only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1068 (9th Cir. 2000).

In this case, plaintiff's speculation that he could encounter "stigma, reputational harm," and "discrimination in employment, including in the hiring process" arising from this lawsuit against his prior employer, is insufficient. (Pltf. Motion at p. 2.) The mere fact that plaintiff's lawsuit involves an unspecified alleged disability which is described in his Complaint as impacting his "sleeping, concentrating and working, and time management" does not present the kind of "exceptional circumstances" necessary to outweigh the public's interest in an open judicial system or defendant's right to defend against the litigation without impairment. (Complaint at ¶¶ 6, 24.) *Doe v. UNUM Life Ins. Company of America*, 164 F. Supp. 3d 1140,

Page 2 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

1146 (N.D. Cal. 2016) ("Circuit courts have emphasized how exceptional and stigmatizing the issues must be to allow anonymity.")

In cases of this kind, courts have routinely rejected the arguments that plaintiff advances in his Motion. *See e.g.*, *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) (holding that plaintiff's obsessive-compulsive disorder was a "common enough" disorder and not so "shameful" that it warranted anonymity). *A.G. v. Unum Life Insurance Company of America,* 2018 WL 903463, at *3 (D. Or. Feb. 14, 2018) (finding plaintiff's fear that information about their medical history could adversely affect a prospective employer's hiring decision was "too speculative" to justify anonymity and not "objectively reasonable.")

Just last month, in *Watkins v. Concentra Health Services, Inc*., 2026 WL 110958, at *2 (N.D. Cal. Jan. 14, 2026) the district court for the Northern District of California rejected an employment discrimination plaintiff's motion to proceed under a pseudonym that was based on the same kinds of speculative concerns plaintiff articulates here. Before citing a litany of cases reaching similar conclusions, the court reasoned that when, as here, a plaintiff cites speculative economic injury to support a motion to proceed under a pseudonym "rather than physical harm," the harm "must be extraordinary:"

> The harm Ms. Watkins identifies is economic in nature. Stating that she has not obtained gainful employment for more than a year, Ms. Watkins expresses concern that "[p]rospective employers routinely conduct internet searches during background checks." She asserts that "[t]he public visibility of [her] full name in connection with this federal case" has caused several prospective employers "to discontinue the hiring process or withdraw interest entirely," although she does not explain why she believes that her filing of this action, its nature, or its resolution harm her prospects for employment. The Ninth Circuit has noted that "when a plaintiff faces economic rather than physical harm, the harm must be 'extraordinary' to justify granting anonymity." *Giufu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 514 (N.D. Cal. 2010)

Page 3 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO PROCEED UNDER A PSEUDONYM**

(citing *Advanced Textile*, 214 F.3d at 1070-71). While economic harm is not "irrelevant to the question of whether plaintiffs may proceed anonymously," *Advanced Textile*, 214 F.3d at 1070, courts have concluded that anonymity is not warranted where concerns regarding economic harm or professional repercussions are similar to those faced by plaintiffs alleging similar claims.
2026 WL 110958, at *2.

In this case, plaintiff has not alleged any "extraordinary" harm that would come from having his name associated with the claims he is making in this case. Indeed, if plaintiff's position here was sufficient to justify the use of pseudonym, virtually all disability cases and perhaps all employment litigation, would meet that standard. That is not how our open judicial system is intended to function.

### 2. Plaintiff's Stated Fear of Harm Does Not Outweigh Defendant's Right to an Unimpaired Defense.

Plaintiff has also failed to establish that the harm he says that fears outweighs the prejudice to defendant that would arise from allowing plaintiff to make his allegations against defendant under the cover of anonymity. The Ninth Circuit and other courts have recognized that the use of pseudonyms may impair defendant's ability to mount a defense. *Advanced Textile*, 214 F.3d at 1072; *Roe v. Providence Health System,* 2007 WL 1876520, at *3 (D. Or. June 26, 2007) ("a plaintiff's interest in secrecy may be outweighed by prejudice to the defendant's case from the use of fictitious names"); *Doe v. John F. Kennedy*, 2013 WL 4565061 *3-4 (N.D. Cal. August 27, 2013). ("[i]t is unclear how defendants would interview potential witnesses to gather facts or to assess plaintiff's credibility if they could not disclose the name"). This is true even in cases such as this, where the identity of the plaintiff is known to the defendant. *Doe v. Ind. Black Expo, Inc.*, 923 F.Supp. 137, 141 (S.D. Ind 1996) ("[t]he defendants know the plaintiff's identity, but the anonymity plaintiff seeks would significantly hamper their ability to defend

themselves from adverse publicity and other collateral, but often inevitable, effects of civil litigation.")

In this case, defendant's ability to subpoena records from third parties, question witnesses, file documents without substantial additional expense and process, all would be impaired by allowing plaintiff to proceed under a pseudonym. Moreover, there is a fundamental unfairness in allowing a party to make claims and allegations free from the burden of personal accountability for their assertions, while the witnesses and parties on the other side face the accountability that is inherent in open information regarding their identities.

### III.     CONCLUSION

Based on all the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's Motion to Proceed Under a Pseudonym.


Dated: February 10, 2026                              BUCHANAN ANGELI SULLIVAN &
                                                                       FERRER LLP

                                                                       *s/Paul Buchanan*
                                                                       Paul Buchanan, OSB No. 940551
                                                                       paul@basf.law
                                                                       Telephone: (503) 974-5015
                                                                       Fax: (971) 230-0337

                                                                       Attorneys for Defendant